UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**TIARA TERRELL**
**9723 Muirkirk Road, Apt C37**
**Laurel, Maryland 20708**

      Plaintiff,                                      Civil Action No.: 8:20-cv-916

v.

**KAY MANAGEMENT**
**8270 Georgia Avenue**
**Silver Spring, MD 20910**

      Defendant.

---

## COMPLAINT
---

Plaintiff Tiara Terrell, for her complaint against Kay Management, and respectively avers as follows:

### PARTIES

1. Plaintiff Tiara Terrell is a resident of the state of Maryland.

2. Defendant Kay Management ("Kay") is a business principally based in Montgomery County, Maryland.

### JURISDICTION AND VENUE

3. This Court has jurisdiction over Terrell's federal claims under 28 U.S.C. § 1331, 28 U.S.C. § 1337, and 29 U.S.C. § 216(b).

4. This Court has supplemental jurisdiction over Terrell's state claims under 28 U.S.C. § 1367.

5. Venue is proper under 28 U.S.C. § 1391(b) because Kay Management conducts business and can be found in this judicial district.

6. Plaintiff Tiara Terrell has exhausted all administrative remedies with the Equal Employment Opportunity Commission and is in possession of his Notice of Right to Sue.

## FACTUAL BACKGROUND

7. Plaintiff began working as a Leasing Specialist for Kay in or around April 2018. She was paid approximately $16.50 per hour, plus commission.

8. Plaintiff was supervised by Irie Banks, a Property Manager for Kay.

9. On or about July 2019, Terrell found out that she was pregnant. She informed her supervisor of her pregnancy.

10. Plaintiff began experiencing medical issues with her pregnancy. Consequently, Plaintiff sought medical treatment from her physician.

11. Plaintiff was diagnosed with "Hyperemesis Gravida." Hyperemesis Gravida subjected Plaintiff to constant dehydration and excessive secretion of saliva.

12. Hyperemesis Gravida is a pregnancy related disability covered under the Americans with Disability Act, and substantially limited plaintiff's ability to work in certain settings and times of day. It also provides for dehydration/electrolyte imbalance. The condition can extend throughout the entire pregnancy and all day long.

13. Plaintiff constantly secreted saliva during work hours and required constant drinking of fluids during work hours.

14. Plaintiff informed her supervisor of her diagnosis on or about July 30, 2019. Plaintiff told Banks that her pregnancy related disability would last at least 12-weeks through her pregnancy.

15. After gaining knowledge of her disability, Banks told Terrell that her diagnosis was "irritating" and "nasty."

16. Given her disability, Plaintiff requested an accommodation to allow her to work in another office space, on the same property, but with less-traffic and customers.

17. Banks never discussed the reasonable accommodation with Terrell and she was never provided a reasonable accommodation.

18. Terrell was terminated on September 3, 2019.

## CAUSES OF ACTION

### Count 1 : Disability Discrimination in Employment Act
### (42 U.S.C. § 2000e *et seq.*)
### *Disparate Treatment Based on Disability*

19. Terrell incorporates every preceding paragraph as alleged above.

20. Terrell was unlawfully terminated because of her disability.

21. WHEREFORE, Terrell prays for nominal damages; compensatory damages, in an amount to be determined at trial; punitive damages, in an amount to be determined at trial; attorney's fees and the costs of this litigation; back pay, front pay, and future benefits, as may be appropriate; pre- and post-judgment interest; and any other relief the Court deems necessary and appropriate.


### Count 2: Title VII of the Civil Rights of 1964, Pregnancy Discrimination Act
### (42 U.S.C. § 2000e(k) *et seq.*)

22. Terrell incorporates every preceding paragraph as alleged above.

23. Terrell was unlawfully terminated because of or on the basis of pregnancy, childbirth, or related medical conditions.

24. Kay Management's actions were wanton, reckless, or in willful indifference to Terrell's legal rights.

WHEREFORE, Terrell prays for nominal damages; compensatory damages, in an amount to be determined at trial; punitive damages, in an amount to be determined at trial; attorney's fees and

the costs of this litigation; back pay, front pay, and future benefits, as may be appropriate; pre- and post-judgment interest; and any other relief the Court deems necessary and appropriate.

### Count 3: Violations of Title VII of the Civil Rights of 1964
**(42 U.S.C. § 2000e *et seq.*)**
*Retaliation*

25. Terrell incorporates every preceding paragraph as alleged above.

26. Terrell engaged in protected activity after she made a reasonable accommodation request based on her disability.

27. As a result of Terrell's protected activity, Kay Management subjected Terrell to termination.

28. Kay Management's actions have directly and proximately caused Terrell to suffer economic loss, humiliation, pain, and suffering.

WHEREFORE, Terrell prays for nominal damages; compensatory damages, in an amount to be determined at trial; punitive damages, in an amount to be determined at trial; attorney's fees and the costs of this litigation; back pay, front pay, and future benefits, as may be appropriate; pre- and post-judgment interest; and any other relief the Court deems necessary and appropriate.

### Count 4: Violations of the Maryland Fair Employment Practices Act
**(State Government Article, §20-609(b))**
*Pregnancy Discrimination – Failure to Accommodate*

29. Terrell incorporates every preceding paragraph as alleged above.

30. Terrell was unlawfully terminated because of her disability.

31. As a result of Terrell's protected activity, Kay Management subjected Terrell to termination.

32. Kay Management's actions have directly and proximately caused Terrell to suffer economic loss, humiliation, pain, and suffering.

WHEREFORE, Terrell prays for nominal damages; compensatory damages, in an amount to be determined at trial; punitive damages, in an amount to be determined at trial; attorney's fees and

the costs of this litigation; back pay, front pay, and future benefits, as may be appropriate; pre- and post-judgment interest; and any other relief the Court deems necessary and appropriate.

## JURY DEMAND

**PLAINTIFF DEMANDS TRIAL BY JURY**

Dated: March 30, 2020

                By: */s/Ikechukwue Emejuru*
                      Ikechukwu Emejuru
                      **Emejuru Law L.L.C.**
                      8403 Colesville Road
                      Suite 1100
                      Silver Spring, MD 20910
                      Telephone: (240) 638-2786
                      Facsimile: 1-800-250-7923
                      iemejuru@emejurulaw.com