## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

**TIARA TERRELL**

      **Plaintiff,**                                **Civil Action No.: 8:20-cv-00916-TDC**

**v.**

**KAY MANAGEMENT,**

      **Defendant.**

---

## MOTION TO COMPEL DISCOVERY, OR IN THE ALTERNATIVE ORDER FOR SPOILATION OF EVIDENCE BY DEFENDANT KAY MANAGEMEN

---

### INTRODUCTION

Discovery for employment discrimination cases is crucial. This is due in part, to a high hurdle of overcoming Defendant's argument of a legitimate non-discriminatory reason for termination. Consequently, Plaintiff requests that Defendant produce records relevant to this case and that go to the heart of Plaintiff's claims and allegations.

### OUTSTANDING DISCOVERY TO COMPEL

Plaintiff propounded the following request for production of documents to Defendant Kay Management:

**REQUEST NO. 2:** Please produce Plaintiff's June 2019 performance review. This performance review contains a "numerical grade" associated at the top of the performance review.

**RESPONSE:** No such document exists or was created.

**REQUEST NO. 3:** Please produce all performance reviews for Plaintiff.

**RESPONSE:** All existing records responsive to this Request appear as Bates Nos. DEF.

(See Ex. 2, Defendant's Responses to Plaintiff's First Set of Production of Documents.) Defendants responses are not only inadequate, they are not truthful. Per request No. 2, Plaintiff, Plaintiff's counsel and Plaintiff's counsel's previous have seen the documents associated with **REQUEST NO. 2**. and **REQUEST NO. 3.** Defendant Kay refuses to produce the document because it is devastating to its defense. Kay's objective is to stay as far from discussing or producing these documents because they go to the heart of Defendants argument, that Plaintiff was terminated for performance.

## ARGUMENT

Sanctions may be imposed against a Defendant for their spoliation of evidence, which is " the destruction or material alteration of evidence or ... the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *Victor Stanley, Inc. v. Creative Pipe, Inc.*, 269 F.R.D. 497, 515-16 (D. Md. 2010). *Silvestri v. Gen. Motors Corp.,*271 F.3d 583, 590 (4th Cir.2001); *see**Goodman v. Praxair Servs., Inc.,*632 F.Supp.2d 494, 505 (D.Md.2009); *Sampson v. City of Cambridge,*251 F.R.D. 172, 179 (D.Md.2008); *Broccoli v. Echostar Comm'ns Corp.,*229 F.R.D. 506, 510 (D.Md.2005); *Thompson v. U.S. Dep't of Hous. & Urban Dev.,*219 F.R.D. 93, 100 (D.Md.2003).THE SEDONA CONFERENCE, THE SEDONA CONFERENCE GLOSSARY: E-DISCOVERY & DIGITAL INFORMATION MANAGEMENT 48 (2d ed.2007), *available at* http:// www. these dona conferen ce.org/content/miscFiles/TSCGlossary _ 12 _07.pdf (" SEDONA CONFERENCE GLOSSARY" ) (" Spoliation is the destruction of records or properties, such as metadata, that may be relevant to ongoing or anticipated litigation, government investigation or audit." ).

*Victor Stanley, Inc. v. Creative Pipe, Inc.*, 269 F.R.D. 497, 516 (D. Md. 2010).

### A. Plaintiff Testified and Plaintiff's Counsel Can Confirm that Request No. 2 Exists, and Request No. 3 is inaccurate.

Defendant states that Plaintiff's Request No. 2 does not "exist" and was never "created."

Defendant further stated that the documents associated with Request No. 3, did not include any other performance reviews outside of what they have provided Plaintiff in this case. Both of these statements are false.

First, Plaintiff stated that she received performance reviews ever "three to six months." (Ex. 1, Terrell Dep. pg. 67, 4-11) During Plaintiff's deposition on September 9, 2020, Plaintiff was whether she "received any other evaluations" outside of what Kay had already produced. (See Ex. 1, pg. 72, 1-3). She stated, "Yes." *Id.*

Plaintiff further testified as follows:

1. Q: Now did you receive any other

2. evaluations?

3. A: Yes.

4. When?

5. A. I want to say July, 2019.

Plaintiff stated that the July 2019 performance evaluation review was written in the same manner as the other evaluations provided by Kay during discovery and that she received and 85% for her performance in July 2019. (Ex. 1, Terrell Dep. pg. 73, 12-20). Plaintiff testified that she was given a copy from her supervisor, and had a copy of the evaluation prior to the start of this case, but the document was lost or destroyed during the process of moving. (Ex. 1, Terrell Dep. pg. 74).

Plaintiff testified that there were two other people that have seen this document. She testified that she showed the document to her attorney and to her husband. (Ex. 1, Terrell Dep. pg. 74). (See Affidavit of Counsel I. Emejuru). She stated that she has been trying to look for the document, but has been unable to find it. (Ex. 1, Terrell Dep. pg. 75).

    **a.** <u>Sanctions are Appropriate because Defendant has Failed to Preserve Potentially Relevant Evidence.</u>

Motions seeking sanctions for spoliation stem from alleged destruction of or failure to preserve potentially relevant evidence. *Victor Stanley, Inc. v. Creative Pipe, Inc.*, 269 F.R.D. 497, 516 (D. Md. 2010). To resolve the issue of appropriate sanctions for spoliation, the court must consider the source and nature of its authority to impose such sanctions. *Id at *517*. Two " main" sources supply the court with authority to impose sanctions against a party for spoliation of evidence. *Goodman,* 632 F.Supp.2d at 505.

Spoliation is the destruction of material evidence or the failure to preserve evidence that could be used in a pending or reasonably foreseeable litigation. *Cheng v. Lakeforest Assocs., LLC*, Civil Action No.: CBD-13-1365, at *7 (D. Md. June 30, 2014). *Silvestri v. Gen. Motors Corp.,* 271 F.3d 583, 590 (4th Cir. 2001); *Sampson v. City of Cambridge,* 251 F.R.D. 172, 179 (D. Md. 2008). Spoliation is not a substantive claim or defense but a common law evidentiary rule that the trial court applies at its discretion. *Hodge v. Wal-Mart Stores, Inc.,* 360 F.3d 446, 449-50 (4th Cir. 2004); *Vodusek v. Bayliner Marine Corp.,* 71 F.3d 148, 155 (4th Cir. 1995).

Under the doctrine of spoliation, parties have a duty to preserve (including a duty to not destroy) evidence when litigation is filed or becomes reasonably anticipated. *Goodman v. Praxair Services, Inc.,* 632 F. Supp. 2d 494, 509 (D. Md. 2009). To fulfill its duty to preserve relevant evidence, "[o]nce a party reasonably anticipates litigation, it must suspend its routine document retention/destruction policy and put in place a 'litigation hold' to ensure the preservation of relevant documents." *Id.* at 511. If a party cannot fulfill its duty to preserve because it does not "own" or "control" the evidence within the meaning of Federal Rule of Civil Procedure 34, the party nevertheless has an obligation to provide the opposing party with notice of access to the evidence or of the possible destruction of the evidence if the party anticipates litigation involving that evidence. *Silvestri,* 271 F.3d at 591.

During the deposition, Defendant's counsel states, Kay does not "have a copy of this evaluation." (Ex. 1, pg. 74, 1-2). Defendants have failed to preserve this evidence, despite Plaintiff's

counsel requesting that Kay preserve all documents, prior this case being filed. (See Plf.'s Email to Def. Counsel on April 9, 2020. Ex. 3). Defendants have not provided counsel with any notice as to why they do not have this document (or any other performance review) or why they have destroyed it.

Given Defendant's failure Plaintiff to preserve evidence, Plaintiff request that this court Order Defendant to turn over all performance reviews, and/or prevent Defendant from instituting any Defense concerning Plaintiff's "performance" in this case pursuant to Rule 37(b)(2).

By: */s/ Ikechukwu Emejuru*
Ikechukwu Emejuru
**Emejuru Law L.L.C.**
8403 Colesville Road
Suite 1100
Silver Spring, MD 20910
Telephone: (240) 638-2786
Facsimile: 1-800-250-7923
iemejuru@emejurulaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion to Compel was served via electronically, on this 4th day of October, 2020, to the following:

Bruce S. Harrison
SHAWE ROSENTHAL, LLP
One South Street, Suite 1800
Baltimore, MD 21202
Telephone: (410)752-1040
Facsimile: (410) 752-8861
bsh@shawe.com

By: */x/ Ikechukwu Emejuru*